FILED
CLERK

1:03 pm, Feb 06, 2019

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
MARIA PRIMIANI, RUDY CRUZ,

           Plaintiffs,

    -against-

VINTAGE 185 INC. d/b/a VINTAGE WINE
BAR AND BISTRO, JEFFREY RUMMAN, as
an individual,

           Defendants.
-----------------------------------------------------------X

MICHAEL BURNS, JAIME BURNS,
PATRICK GIORDANO, TARAH KESSLER,
KERRI GALASSO, LAUREN MAIORINO,
BRITTAN HILDEBRANDT, DARREN
JEAN-LOUIS, ERIKA MOLLO, STACEY
GREIG,

           Plaintiffs,

    -against-

VINTAGE 185 INC. d/b/a VINTAGE WINE
BAR AND BISTRO, JEFFREY RUMMAN, as
an individual,

           Defendants.
-----------------------------------------------------------X

MEMORANDUM OF DECISION &
ORDER
2:18-cv-2237 (ADS)(AYS)
2:18-cv-2893 (ADS)(AKT)

**APPEARANCES:**

**Raymond Nardo, Esq.**
*Attorney for the Plaintiffs*
129 Third Street
Mineola, NY 11501

1

**SilvermanAcampora LLP**
*Attorneys for the Defendants*
100 Jericho Turnpike Suite 300
Jericho, NY 11753
      By:    Brian Jeffrey Shenker, Esq., Of Counsel.

**SPATT, District Judge**:

On April 16, 2018, Maria Primiani ("Primiani") and Rudy Cruz ("Cruz") initiated an action against Vintage 185 Inc. d/b/a Vintage Wine Bar and Bistro ("Vintage") and Jeffrey Rumman ("Rumman") (the "Defendants") seeking to recover overtime pay and other monies pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), the New York Labor Law § 190, *et seq.* ("NYLL") and Wage Theft Prevention Act ("WTPA"). *Primiani et al v. Vintage 185 Inc. et al.*, 2:18-cv-02237-ADS-AYS (E.D.N.Y.) (the "*Primiani* Action").

On May 15, 2018, Michael Burns, Jaime Burns, Patrick Giordano ("Giordano"), Tarah Kessler ("Kessler"), Kerri Galasso ("Galasso"), Lauren Maiorino ("Maiorino"), Brittany Hildebrandt ("Hildebrandt"), Darren Jean-Louis ("Jean-Louis"), Erika Mollo ("Mollo"), and Stacey Greig ("Greig") (collectively, with Primiani and Cruz, the "Plaintiffs") initiated another action against the Defendants also to recover overtime pay and other moneys under the FLSA, NYLL and WTPA. *Burns et al. v. Vintage 185 Inc. et al.*, 2:18-cv-02893-ADS-AKT (E.D.N.Y.) (the "*Burns* Action").

In both actions, the Defendants filed an answer asserting counterclaims for libel and libel *per se*, conspiracy to commit libel and libel *per se*, and breach of the duty of loyalty. The Defendants also filed motions to amend seeking to add counterclaims for tortious interference with prospective business advantage.

Presently before the Court are two motions by the Plaintiffs, pursuant to Federal Rule of Civil Procedure ("FED. R. CIV. P." or "Rule") 12(b)(6) to dismiss the counterclaims in each

action, as well as the Defendants' motion to amend. The Plaintiffs had adequate notice and time to respond to the proposed amended counterclaims, and thus the Court will consider the motion to dismiss in light of the new allegations. *See Eskenazi-McGibney v. Connetquot Cent. Sch. Dist.*, 84 F. Supp. 3d 221, 226 (E.D.N.Y. 2015) (Spatt, J.) ("Here, as the Defendants had sufficient opportunity to respond to the proposed amended complaint, the merits of the Defendants' motions to dismiss will be considered in light of the amended complaint."); *Schwartzco Enterprises LLC v. TMH Mgmt., LLC*, 60 F.Supp.3d 331, 338 (E.D.N.Y. 2014) (Spatt, J.) ("Where, as here, the Plaintiff seek[s] to amend his complaint while a motion to dismiss is pending, a court has a variety of ways in which it may deal with the pending motion to dismiss, from denying the motion to dismiss as moot to considering the merits of the motion in light of the amended complaint.").

Accordingly, the outcome of the Defendants' motion to amend turns on the proposed counterclaims' ability to survive the Plaintiffs' motion to dismiss. *See Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002) (noting that "[a]n amendment to a pleading will be futile if a proposed claim could not withstand a motion pursuant to Rule 12(b)(6)"); *Lopez-Serrano v. Rockmore*, 132 F. Supp. 3d 390, 399 (E.D.N.Y. 2015) (Spatt, J.) ("If the PSAC cannot survive the motion to dismiss, then the Plaintiff's cross-motion to amend will be denied as futile.").

For the following reasons, the Court consolidates the *Primiani* Action with the *Burns* Action, grants the Plaintiffs' motions to dismiss the counterclaims in their entirety, and denies the Defendants' motions to amend.

# I. BACKGROUND.

The proposed amended counterclaims in each action are identical. Unless otherwise stated, the following facts are drawn from the proposed amendments filed in the *Primiani* action. ECF 14-3 ("PACC").

## A. THE RELEVANT FACTS

According to the Defendants, the Plaintiffs, on May 21, 2018, posted, or caused to be posted, two false and deceptive reviews of Vintage on Google under the name "Jennifer Wilson." ECF 14-3 ¶¶ 6–7, 10–11. Each review gave Vintage the lowest possible quality rating of one star out of five stars. *Id.* ¶ 8, 12. The first review states:

> Today I was enjoying another lovely day and stopped into Vintage to have a class of wine at the bar. However as I was on my way to the restroom I actually overheard the owner, big bald guy who typically sits at the end of the bar if you've ever been there yet, talking about how [h]is employees are suing him over shift pay…in a restaurant with people around!! Save this information for a more private conversation, as it doesn't reflect well on business. As an attorney I can promise you I will not be returning to give this man business if he can't even afford to pay his staff the correct and legal way. Furthermore I wish the employees the best and left a wonderfully large tip for my bartender.

*Id.* ¶ 9. The second review states, "This place is awful. Service is great but bald guy at the end of the bar is a creep." *Id.* ¶ 13.

## B. THE PROCEDURAL BACKGROUND.

On April 16, 2018, Primiani and Cruz filed the *Primiani* Action. On May 15, 2018, Michael Burns, Jaime Burns, Giordano, Kessler, Galasso, Maiorino, Hildebrandt, Jean-Louis, Mollo, and Greig filed the *Burns* Action. The same counsel represents the Plaintiffs in both actions.

On June 8, 2018, the Defendants answered the complaints in both actions, asserting counterclaims for libel and libel *per se*, conspiracy to commit libel and libel *per se*, and breach of the duty of loyalty.

4

On June 28, 2018, the Plaintiffs moved to dismiss the counterclaims in each action for failure to state a claim.

On July 27, 2018, the Defendants moved to amend the counterclaims in the answer in each action.

On December 27, 2018, the Court directed the parties to file a joint status report by January 11, 2019, indicating whether they believed consolidation of the *Primiani* Action with the *Burns* Action was appropriate.

On January 24, 2019, after the parties failed to respond to the Court's directive, the Court ordered the parties to file the status report by February 1, 2019. The same day the Plaintiffs consented to consolidation of the actions. The Defendants did not respond to the Court's directive or otherwise object to consolidation.

## II. DISCUSSION

### A. THE LEGAL STANDARD

It is well-established that a complaint should be dismissed under Fed.R.Civ.P. 12(b)(6) only if it does not contain enough allegations of fact to state a claim for relief that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). Indeed, the issue on a motion to dismiss is "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Todd v. Exxon Corp.*, 275 F.3d 191, 198 (2d Cir.2001) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)). "'Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir.2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949–50, 173 L.Ed.2d 868 (2009)).

In deciding a motion to dismiss, the Court must accept the material facts alleged in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Ashcroft*, 129 S.Ct. 1937 at 1949–50; *Zinermon v. Burch*, 494 U.S. 113, 118, 110 S.Ct. 975, 979, 108 L.Ed.2d 100 (1990); *In re NYSE Specialists Secs. Litig.*, 503 F.3d 89, 91 (2d Cir.2007). However, "that 'tenet' 'is inapplicable to legal conclusions,' and '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Harris*, 572 F.3d at 72 (quoting Iqbal, 129 S.Ct. at 1949). As such, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and ... determine whether they plausibly give rise to an entitlement of relief." *Iqbal*, 129 S.Ct. at 1950. Only if this Court is satisfied that "the complaint cannot state any set of facts that would entitle the plaintiff to relief will it grant dismissal pursuant to Rule 12(b)(6)." *Hertz Corp. v. City of N.Y.*, 1 F.3d 121, 125 (2d Cir.1993).

**B. AS TO WHETHER THE DEFENDANTS STATED A CLAIM FOR LIBEL OR LIBEL *PER SE*.**

An action for defamation that is expressed in writing or print is the common law cause of action of libel. *See Church of Scientology Int'l v. Behar*, 238 F.3d 168, 173 (2d Cir. 2001). The elements of libel under New York law are: (1) a false and defamatory statement of fact concerning the plaintiff; (2) that was published by the defendant to a third party; (3) due to the defendant's negligence (or actual malice, depending on the status of the person libeled); and (4) special damages or "per se actionability." *Celle v. Filipino Reporter Enters.*, 209 F.3d 163, 176 (2d Cir. 2000).

For good reason, the parties dedicate most of their briefing to the issue of whether the reviews at issue constitute fact or opinion. As the Second Circuit has repeatedly confirmed, "New York law absolutely protects statements of pure opinion, such that they can never be defamatory." *Kirch v. Liberty Media Corp.*, 449 F.3d 388, 402 (2d Cir.2006) (citation and quotation marks

omitted). The "burden rests with the plaintiff to establish that in the context of the entire communication a disputed statement is not protected opinion." *Celle*, 209 F.3d at 179.

In the Court's view, however, the Defendants fail to state a claim for another, more elementary, reason. "Because falsity is an element of New York's defamation tort, and 'falsity' refers to material not substantially true, the [counterclaim] in this case must plead facts that, if proven, would establish that the [Plaintiffs'] statements were not substantially true." *Tannerite Sports, LLC v. NBCUniversal News Grp., a division of NBCUniversal Media, LLC*, 864 F.3d 236, 247 (2d Cir. 2017). Putting this rule in the context of the federal pleading standard, which requires "specific allegations putting the court and the defendant on notice of the particular claims asserted," a party asserting a defamation claim must "identify not only the publication, but also the respect in which it was allegedly false." *Id.* at 251.

Here, the Defendants assert their counterclaims through general allegations of falsity insufficient to provide adequate notice of the nature of their claims. Without providing any additional context or details, the Defendants assert that the Plaintiffs "posted, or caused to be posted, . . . false and deceptive Google review[s] of Vintage," ECF 14-3 ¶¶ 6, 10, and that the "reviews are false and defamatory regarding Defendants and their business," *id.* ¶ 14. From these vague assertions alone, it is unclear what, if any, parts of the reviews are false. The Defendants, therefore, fail to clear the initial hurdle necessary to reach the issue of whether the statements in the Google reviews proclaim matters of fact or opinion. *See Frascatore v. Blake*, No. 1:17-cv-7502, 2018 WL 4608215, at *11 (S.D.N.Y. Sept. 25, 2018) ("Frascatore also does not allege sufficient facts to demonstrate the falsity of Statements Two, Three, Four, Five, Six, Seven, or Eight. This alone requires dismissal of Frascatore's claims as to those statements."); *Verragio, Ltd. v. AE Jewelers, Inc.*, No. 15-cv-6500, 2017 WL 4125368, at *7 (S.D.N.Y. Aug. 23, 2017)

7

(dismissing counterclaim for defamation where defendants did "not present any well-pleaded factual allegations suggesting that the [contested] statement [was] false" and "merely offer[ed] conclusory assertions that [the plaintiff's] statements 'may be' untruthful, without articulating how the statements 'may be' false and, therefore, defamatory"); *Cabello-Rondon v. Dow Jones & Co., Inc.*, No. 16-cv-3346, 2017 WL 3531551, at *6 (S.D.N.Y. Aug. 16, 2017) ("But this conclusory and convoluted statement is insufficient as a matter of law. To plausibly plead falsity, Cabello must do more than perfunctorily state that a statement is false; rather, Cabello "must identify how the defendant's statement was false.").

From the Court's review of the Defendants' memorandum, it appears that they believe the Google reviews are "false" because text messages between the Plaintiffs demonstrate that Jennifer Wilson neither patronized Vintage nor overhead Rumman make statements about Vintage employees. ECF 12 at 7–8. However, the PACC makes no reference to these texts nor does it outline the facts supposedly unearthed by these texts. Indeed, nothing pled by the Defendants give notice that they intended to advance such a theory. The Court must limit its review to allegations raised or otherwise incorporated in the four corners of the operative pleading, placing facts asserted for the first time in a brief beyond its reach. *See Sec. & Exch. Comm'n v. Cohen*, 332 F. Supp. 3d 575, 591 (E.D.N.Y. 2018) (holding that facts asserted in opposition to a motion to dismiss are "no substitute for well-pleaded allegations"); *In re Agape Litig.*, 773 F. Supp. 2d 298, 316 (E.D.N.Y. 2011) (Spatt, J.) ("It is well-settled that a plaintiff cannot amend the complaint through briefs and affidavits, and such facts are thus irrelevant for purposes of determining whether [the Plaintiff's ] [c]omplaint should be dismissed for failure to state a claim."). As a result, the Defendants cannot rely on the text messages to cure the inadequacies of the PACC.

Nonetheless, the Court deems it appropriate to provide the Defendants an opportunity to amend the PACC to add additional facts regarding the alleged falsity of the Google reviews. Without commenting on the ultimate ability of the potential amended counterclaims to survive a motion to dismiss, the reviews appear to make at least some factual statements capable of being objectively characterized as true or false, namely, that the reviewer actually went to Vintage for drinks and overheard the remarks by Rumman. *See* ECF 14-3 ¶ 9. The Court will reserve until a later date the question of whether the inclusion of such facts would suffice to turn a restaurant review, which courts traditionally treat as a matter of opinion, into an actionable defamatory statement. *See Mr. Chow of New York v. Ste. Jour Azur S.A.*, 759 F.2d 219, 227–28 (2d Cir. 1985) ("Restaurant reviews are also the well recognized home of opinion and comment. . . . [R]eviews, although they may be unkind, are not normally a breeding ground for successful libel actions.").

Therefore, the Court grants the Plaintiffs' motion to dismiss with regard to First and Second Counterclaims based on libel and libel *per se*.

## C. AS TO WHETHER THE DEFENDANTS STATED A CLAIM FOR BREACH OF DUTY OF LOYALTY.

"To succeed on a claim for breach of fiduciary duty under New York law, a plaintiff must demonstrate the existence of a fiduciary relationship between the parties and a breach of that duty by the defendant." *Fagan v. First Sec. Invs., Inc.*, No. 04-cv-1021, 2006 WL 2671044, at *4 (S.D.N.Y. Sept. 15, 2006). Under New York law's faithless servant doctrine, an employee owes a duty of good faith and loyalty to an employer which obligates him "to be loyal to his employer" and prohibits him "from acting in any manner inconsistent with his agency or trust." *Phansalkar v. Andersen Weinroth & Co., L.P.*, 344 F.3d 184, 200 (2d Cir. 2003).

The Defendants allege that the Plaintiffs violated their duty of loyalty to the Defendants by engaging in a scheme of posting false online reviews regarding the Defendants. ECF 14-3 ¶¶ 35–

37. However, "[t]he duty of loyalty 'has been limited to cases where the employee, acting as the agent of the employer, unfairly competes with his employer, diverts business opportunities to himself or others to the financial detriment of the employer, or accepts improper kickbacks.'" *Farricker v. Penson Dev., Inc.*, No. 07-cv-11191, 2010 WL 845983, at *2 (S.D.N.Y. Mar. 4, 2010) (quoting *Veritas Capital Management L.L.C. v. Campbell*, 08-cv-650058, 2008 WL 5491146, at *10–11 (N-Y. Sup. Ct. 2008)).

Although the Defendants accuse the Plaintiffs of serious misconduct, the PACC is devoid of facts demonstrating self-dealing by the Plaintiffs. The absence of any such allegations is fatal to the Defendants' duty of loyalty claim. *See Grewal v. Cuneo*, No. 13-cv-6836, 2016 WL 308803, at *7–8 (S.D.N.Y. Jan. 25, 2016) (dismissing duty of loyalty claims with respect to allegations that that employees disparaged senior members of firm and engaged in other insubordinate and dishonest behavior); *Sullivan & Cromwell LLP v. Charney*, 15 Misc. 3d 1128(A), 841 N.Y.S.2d 222 (Sup. Ct. 2007) (dismissing duty of loyalty claims based on allegations that an employee said embarrassing things and leaked confidential company documents).

Therefore, the Court grants the Plaintiffs' motion to dismiss with respect to the Third Counterclaim based on alleged breaches of the duty of loyalty.

**D. AS TO WHETHER THE DEFENDANTS STATED A CLAIM FOR TORTIOUS INTERFERENCE WITH PROSPECTIVE BUSINESS ADVANTAGE.**

A claim of tortious interference with prospective economic advantage is identical to a claim of tortious interference with a business relationship. *See Valley Lane Indus. Co. v. Victoria's Secret Direct Brand Mgmt., LLC*, 455 Fed.Appx. 102, 105 (2d Cir. 2012) (summary order); *RFP LLC v. SCVNGR, Inc.*, 788 F.Supp.2d 191, 196 (S.D.N.Y. 2011). In New York State, to allege a tortious interference with a prospective business relationship, a plaintiff must allege that: "(1) the plaintiff had business relations with a third party; (2) the defendant interfered with those business relations;

(3) the defendant acted for a wrongful purpose or used dishonest, unfair, or improper means; and (4) the defendant's acts injured the relationship." *Catskill Dev., LLC v. Park Place Entm't Corp.*, 547 F.3d 115, 132 (2d Cir. 2008). "At the motion to dismiss stage, a plaintiff must specify some particular, *existing* business relationship through which plaintiff would have done business but for the allegedly tortious behavior." *Brown Media Corp. v. K & L Gates, LLP*, 586 B.R. 508, 530 (E.D.N.Y. 2018) (Spatt, J.); *see also AIM Int'l Trading, L.L.C. v. Valcucine S.p.A.*, No. 02-cv-1363, 2003 WL 21203503, at *6 (S.D.N.Y. May 22, 2003) (collecting cases).

The PACC fails to identify any specific business relationships harmed by the Google reviews, and instead vaguely speculates that the "Defendants' business has been harmed as a result of fewer customers coming to the restaurant after reading Plaintiffs' posts." ECF 14-3 ¶ 47. The proposed amendments are therefore futile due to the PACC's inability to plead the necessary business relations with a third party. *See Minnesota Mining & Mfg. Co. v. Graham-Field, Inc.*, No. 96-cv-3839, 1997 WL 166497, at *7 (S.D.N.Y. Apr. 9, 1997) (dismissing tortious interference claim where complaint "fail[ed] to allege a particular customer relationship with which plaintiff interfered" and instead generally alleges that "certain of GFI's customers have brought their business elsewhere").

Accordingly, the Court denies the Defendants' motion to amend to include claims for tortious interference with prospective business advantage.

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Plaintiffs' motion to dismiss and **DENIES** the Defendants' motion to amend. The Court dismisses the Defendants' counterclaims without prejudice but will provide the Defendants an opportunity to seek leave to amend consistent with this opinion.

Pursuant to Federal Rule of Civil Procedure 42(a), the Court consolidates *Primiani et al v. Vintage 185 Inc. et al.*, 2:18-cv-02237-ADS-AYS (E.D.N.Y.) with *Burns et al. v. Vintage 185 Inc. et al.*, 2:18-cv-02893-ADS-AKT (E.D.N.Y), with the following amended caption:

```
------------------------------------------------------------X
MICHAEL BURNS, JAIME BURNS,
PATRICK GIORDANO, TARAH KESSLER,
KERRI GALASSO, LAUREN MAIORINO,
BRITTAN HILDEBRANDT, DARREN
JEAN-LOUIS, ERIKA MOLLO, STACEY
GREIG, MARIA PRIMIANI, RUDY CRUZ,

                Plaintiffs,

        -against-

VINTAGE 185 INC. d/b/a VINTAGE WINE
BAR AND BISTRO, JEFFREY RUMMAN,
as an individual,

                Defendants.
------------------------------------------------------------X
```

Accordingly, it is hereby:

**ORDERED** that the Clerk of the Court is directed to consolidate the two actions set forth above under Case Number 2:18-cv-02893 and Case Number 2:18-cv-02237 is to be closed; and it is further

**ORDERED** that the consolidated action shall proceed under Case Number 2:18-cv-02893 and that all filings are to be made only under Case Number 2:18-cv-02893; and it is further

**ORDERED** that the Plaintiffs are directed to file, within thirty days of the date of this Order, a Consolidated Complaint incorporating the claims of the complaints in the *Primiani* Action and the *Burns* Action. The Consolidated Complaint shall not assert new allegations against the Defendants and the Defendants, having answered the Complaints in the *Primiani* Action and the *Burns* Action, will be under no obligation to file additional answers to the Consolidated Complaint.

**ORDERED** that the Defendant must file any proposed amended counterclaims no later than twenty-one days from the filing of the Consolidated Complaint.

It is **SO ORDERED**:

Dated: Central Islip, New York

February 6, 2019.

                \_\_\_\_/s/ Arthur D. Spatt\_\_\_\_

                ARTHUR D. SPATT

                United States District Judge